NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL A. VISCONTINI,**
*Petitioner-Appellant,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

---

2012-5084

---

Appeal from the United States Court of Federal Claims in case no. 98-VV-619, Judge Christine O.C. Miller.

---

## ON MOTION

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## ORDER

The Secretary of Health and Human Services moves to dismiss the appeal as untimely. Paul A. Viscontini

opposes and moves to file his notice of appeal nunc pro tunc. The Secretary replies.

On February 28, 2012, the United States Court of Federal Claims entered judgment in Viscontini's case. Viscontini filed his appeal on May 1, 2012.

An appeal from a judgment of the Court of Federal Claims on a petition for compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act") must be filed with this court within 60 days from the date of entry of judgment. 42 U.S.C. § 300aa-12(f); *see also* Fed. R. App. P. 4(a)(1). Thus, Viscontini's notice of appeal was due on April 30, 2012.[1]

This filing period is statutory, mandatory, and jurisdictional. *Bowles v. Russell*, 551 U.S. 205 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that may not be waived).

Viscontini argues that our recent decision in *Cloer v. Health & Human Services*, 645 F.3d 1322 (Fed. Cir. 2011) (*en banc*) rendered the time to file a notice of appeal susceptible to equitable tolling. This is not so. In *Cloer*, the court dealt with the statute of limitations for filing an initial claim under the Vaccine Act, not the filing of a notice of appeal to this court. As such, our ruling in *Cloer* is not applicable to this case. *See Henderson v. Shinseki*, 131 S.Ct 1197, 1203 (2011) (noting the difference between Article III courts and an Article I tribunal when determining whether a filing deadline is "jurisdictional").

---

[1] The 60th day, April 28, 2012, fell on a Saturday.

Accordingly,

IT IS ORDERED THAT:

(1)  The Secretary's motion to dismiss is granted.

(2)  Viscontini's motion to file nunc pro tunc is denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

**AUG 0 3 2012**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Clifford J. Shoemaker, Esq.
     Lisa Watts, Esq.
s25

Issued as a Mandate:  **AUG 0 3 2012**

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

**AUG 0 3 2012**

**JAN HORBALY
CLERK**